UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES RODE, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>THE NIELSEN COMPANY,<br>      Defendant. | No. 13-cv-7553 (RMB)<br><br>**COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAW**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff James Rode ("Plaintiff"), by his undersigned counsel, alleges the following upon personal knowledge as to his own acts and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1.   This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA"), on behalf of a nationwide class against Defendant The Nielsen Company ("Defendant" or "Nielsen") for failure to pay overtime to Plaintiff and all similarly situated employees with the title of Field Service Representative (the "Field Representatives" or the "Collective").

2.   The members of the Collective regularly work more than 40 hours per week and are paid for some, but not all, of the overtime hours they work. Defendant, through a uniform policy applied to all members of the Collective, does not pay the members of the Collective for travel that is part of their principal activity and/or travel between job sites, all of which occurs after the start of the work day. Because Defendant improperly and unlawfully deducts as much as one hour per day from the Collective members' compensable time, the Collective members' total compensated hours are reduced and they are not paid for all hours worked, including hours for which they should be paid at overtime rates as required by the FLSA.

**THE PARTIES**

3. Plaintiff is a citizen of the State of Florida. At all times relevant to this action, Plaintiff was a citizen of the State of New York and was employed by Defendant in New York. Plaintiff was employed by Defendant as a Field Service Representative from 2009 through January, 2013. At all times relevant to this action, Plaintiff was classified by Defendant as a non-exempt employee and was paid at overtime rates (time and one half his hourly rate) for some, but not all, of the hours he worked in excess of 40 during a work week. At all times relevant to this action, Plaintiff was not paid by Defendant for travel that was part of his principal activity and/or travel between job sites. Plaintiff frequently worked a spread of more than ten hours per day, *i.e.*, the end of Plaintiff's work day was frequently more than ten hours after the start of his work day. Plaintiff was never paid an extra hours' pay at minimum wage as required by New York's spread of hours provisions. Despite being employed in New York, Plaintiff never received a statement detailing his pay rate and the proper name and address of his employer, among other things, as required by New York's Wage Theft Prevention Act.

4. Defendant The Nielsen Company is a marketing research company. According to its website, Nielsen studies "consumers in more than 100 countries to give you the most complete view of trends and habits worldwide." Nielsen is a publicly traded company (NYSE: NLSN); in 2012 Nielsen's operating revenue was over $5.4 billion.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331. This Court has jurisdiction over Plaintiff's NYLL and New York common law claims pursuant to 28 U.S.C. §1367.

6.  Venue is proper in this District because (1) Nielsen resides in this District and (2) a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including but not limited to Plaintiff's employment by Defendant and the employment of other members of the Collective by Defendant.

## COLLECTIVE ALLEGATIONS

7.  Plaintiff brings the First Cause of Action as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b) on behalf of himself and other similarly situated people (the "Collective" or the "Field Representatives"), which shall include**:**

> All persons in the United States who work or worked for Defendant as Field Service Representatives from October 25, 2010 through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Class Period").  Excluded from the Collective are Defendant, and any corporations, partnerships or other entities affiliated with Defendant.

8.  Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective.  There are likely hundreds of similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records that Defendant is required to create and maintain under applicable federal and state law.  Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

## SUBSTANTIVE ALLEGATIONS

9.  Plaintiff and the Field Representatives install and maintain tracking equipment into the televisions and related components of consumers.  The consumers, who Nielsen refers to as "Nielsen Families," contract with and are paid by Nielsen to have their viewing habits

monitored. Plaintiff and the Field Representatives also train Nielsen Families to use the tracking equipment installed in their televisions, among other things.

10. Plaintiff and the Field Representatives all go through identical, or substantially similar, job training in Florida upon being hired by Nielsen. At that training, and through an employment manual and communications from management, the Field Representatives are instructed on the requirements of their position—including the tasks they must perform at their "home office" before performing field work and upon their return from field work.

11. Plaintiff and the Field Representatives do not report to work in any Nielsen office. Rather, they begin their day at their "home offices." After beginning their day in their home offices, the Field Representatives then travel to perform field work, and then return to their home offices again to complete their workday. On information and belief, all Field Representatives work from home offices and travel to and from the field for off-site appointments with Nielsen Families. On information and belief, all Field Representatives receive a monthly stipend for internet access in their home offices, are given blackberry mobile devices, and are provided company vehicles for traveling from their home offices to off-site field work locations.

12. At the beginning of each workday, the Field Representatives perform substantial work from their home offices including, but not limited to checking their schedules for the day (which may change depending on Defendant's needs); contacting Nielsen Families to confirm and discuss their appointments; checking email for general business purposes including but not limited to responding to requests for information from supervisors, messages concerning changes to corporate policies, and messages from Nielsen's technical support staff concerning troubleshooting issues that may affect a Field Representative's daily work; pre-setting and/or programming software that will be installed in a Nielsen Family's home—a process that is done

at the home office to avoid inconveniencing a Nielsen Family; packaging the equipment that will be installed in a Nielsen Family's home; and performing various administrative tasks for Nielsen's sole benefit.

13. The work performed by the Field Representatives in the morning is a principal activity and begins the Field Representatives' work day. When the Field Representatives travel to their first appointment, they are not commuting to work but rather commuting to an off-site location. The Field Representatives are paid for the morning work they perform at their home offices.

14. Despite the substantial work the Field Representatives perform at their home offices, and the fact that the Field Representatives are paid for working at their home offices, Nielsen does not pay the Field Representatives for all of the time they spend traveling from their home offices to their first appointment. Rather, Nielsen deducts one half-hour of this time and pays the Field Representatives for travel time over one half-hour. Although they are not paid for all of this travel time, the Field Representatives are required to record this time in Nielsen's time-keeping system as "business drive time first."

15. At the end of the work day, after performing field work, the Field Representatives return to their home offices to complete their work for the day. The Field Representatives perform substantial work at the end of the day in their home offices, including but not limited to logging the time they worked; logging the work they performed; closing out tickets for work performed during the day; and submitting expense reports for the day.

16. Despite the substantial work Field Representatives perform at their home offices, and the fact that the Field Representatives are paid for the work they perform at their home offices, Nielsen does not pay the Field Representatives for all of the time they spend traveling

from their last appointment to their home offices.  Rather, Nielsen deducts one half-hour of this time and pays the Field Representatives for travel time over one half-hour.  Although they are not paid for all of this travel time, the Field Representatives are required to record this time in Nielsen's time-keeping system as "business drive time last."

17.    All Field Representatives are classified as non-exempt employees and are paid at overtime rates of time-and-one-half their hourly rate for some of the hours they work over 40 in a workweek.

18.    Plaintiff frequently worked more than 40 hours per week for Defendant.  On information and belief, all Field Representatives frequently work more than 40 hours per week for Defendant.

19.    Because Defendant deducts one half-hour from the Field Representatives' travel time to and from their home offices, the Field Representatives are not paid for all hours worked, including hours for which they should be paid overtime rates.  Defendant's failure to pay Plaintiff and the Field Representatives all overtime they are due is a violation of the FLSA.

## COUNT I
### Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*: Failure to Pay Overtime
### (Brought on Behalf of Plaintiff and the Collective)

20.    Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

21.    During the FLSA Class Period, Plaintiff and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

22.    At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

6

23.     At all relevant times, Defendant's business has had annual gross revenues in excess of $500,000.

24.     Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference.

25.     Defendant was required to properly pay Plaintiff and others similarly situated all wages due including applicable overtime wages for all hours worked in excess of 40 hours in a workweek.

26.     During the FLSA Class Period, Defendant failed to pay Plaintiff and the Collective all wages due including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek to which they were entitled under the FSLA, 29 U.S.C. §207.

27.     Defendant's violation of the overtime requirements of the FLSA was part of its regular business practice and constituted a pattern, practice, and/or policy.

28.     As a result of Defendant's violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied pay for all of their hours worked, by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, prejudgment and post judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. §216(b).

29.     Defendant's unlawful conduct, as described above, was willful and intentional and/or was not in good faith. Defendant knew or should have known that the practices complained of herein were unlawful. Defendant knew that Plaintiff and others similarly situated

routinely worked in excess of forty hours per week and that Plaintiff and others similarly situated were not paid for all hours worked.

30.     Defendant has not made a good faith effort to comply with the FSLA with respect to the compensation of Plaintiff and others similarly situated.

31.     Because Defendant's violations of the FSLA have been willful, a three-year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. §255(a).

32.     Plaintiff and the Collective seek to enjoin Defendant from its continuing violations of 29 U.S.C. §207.

## COUNT II
### New York Labor Law, Article 19: Failure to Pay Overtime
### (Brought on Behalf of Plaintiff Individually)

33.     Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

34.     Plaintiff was an employee of Defendant within the meaning of NYLL, Article 6, §190(2), and supporting New York regulations.

35.     Defendant was an "employer" within the meaning of NYLL Article 6, §190(3), and any supporting regulations.

36.     Defendant failed to pay Plaintiff overtime wages of not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 hours in a workweek.

37.     Defendant's failure to pay Plaintiff overtime wages was willful and/or not in good faith within the meaning of NYLL, Article 19, §663. Defendant was aware of the requirements of the NYLL and continued to deprive Plaintiff of all wages owed.

38.     Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from

Defendant his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
### NYCRR §142-2.4: Spread of Hours Pay
### (Brought on Behalf of Plaintiff)

39. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

40. Plaintiff frequently worked a "spread of hours" of more than ten hours per day.

41. Plaintiff was entitled to one hour's pay, at the minimum wage, on each day in which he worked a spread of more than ten hours.

42. Defendant failed to pay Plaintiff one hour's pay, at the minimum wage, for each day in which he worked a spread of more than ten hours.

43. Defendant's failure to pay Plaintiff in accordance with New York's spread of hours law was willful and/or not in good faith within the meaning of NYLL, Article 19, §663. Defendant was aware of the requirements of the NYLL and continued to deprive Plaintiff of all wages owed.

44. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT IV
### Violation of the Wage Theft Prevention Act, NYLL Section 195
### (Brought on Behalf of Plaintiff Individually)

45. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

46. Pursuant to the Wage Theft Prevention Act, Defendant was required to provide

Plaintiff with notice of his pay rate, the basis of his pay rate (hourly, salaried, by the shift), the frequency of Plaintiff's pay date, the employer's name and address and any "doing business as" names used by Defendant, and Defendant's telephone number, among other things.

45. Defendant never provided this statement to Plaintiff. As a result of Defendant's failure to comply with the Wage Theft Prevention Act, Plaintiff is entitled to recover $2,500 plus reasonable attorneys' fees and costs.

## COUNT V
## Unjust Enrichment
### (Brought on Behalf of Plaintiff)

46. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

47. This Count is brought as an alternative to the above counts under the FLSA and NYLL.

48. Defendant was unjustly enriched as a result of its failure to pay Plaintiff all wages due. Defendant received services from Plaintiff and did not pay Plaintiff for those services.

49. Defendant's retention of these sums is unjust. Plaintiff was harmed thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant Plaintiff and the Collective the following relief:

A. An order certifying this case as a collective action for the violations of the FLSA, as it pertains to the First claim under 29 U.S.C. §216(b) for the class of employees described herein and designating Plaintiff's counsel as Class counsel;

  B. Award Plaintiff and the Collective all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, and post-judgment interest, statutory damages, and any other damages that may be just and proper;

  C. Award Plaintiff and the Collective their reasonable attorneys' fees, costs and expenses as authorized by law;

  D. Enjoin Defendant from its continued violation of the FLSA and the NYLL; and

  E. Grant in favor of Plaintiff and the Collective such other relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED: October 25, 2013    **GARDY & NOTIS, LLP**

    By: _s/Orin Kurtz_
    Mark C. Gardy
    James S. Notis
    Orin Kurtz
    Jonathan Adler
    501 Fifth Avenue, Suite 1408
    New York, New York 10017
    Tel: (212) 905-0509
    Fax: (212) 905-0508
    mgardy@gardylaw.com
    jnotis@gardylaw.com
    okurtz@gardylaw.com
    jadler@gardylaw.com

    Robert Marinelli
    299 Broadway, Suite 1501
    New York, NY 10007
    Tel: (212) 822-1427
    Fax: (212) 202-9646
    rmarinelli@robertmarinellilaw.com

    *Attorneys for Plaintiff*