```
         E17TRODC

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   JAMES RODE, on behalf of
     himself and all others
 4   similarly situated,

 5                  Plaintiffs,

 6          v.                                 13 CV 7553 (RMB)

 7   THE NIELSEN COMPANY,

 8                  Defendant.

 9   ------------------------------x
                                              New York, N.Y.
10                                            January 7, 2014
                                              9:45 a.m.
11
     Before:
12
                        HON. RICHARD M. BERMAN,
13
                                              District Judge
14
                              APPEARANCES
15
     GARDY & NORTIS
16        Attorneys for Plaintiffs
     BY:  ORIN KURTZ
17
     HOLLAND & KNIGHT
18        Attorneys for Defendant
     BY:  LOREN FORREST
19
```

```
 1                (In open court)
 2                THE COURT:  So in this matter, among other things, I
 3    gather defendant wants to make a motion to dismiss, and
 4    certainly it's their prerogative to do that.  Are you also, the
 5    two of you, involved in the Florida case?
 6                MR. KURTZ:  No.
 7                MR. FORREST:  Yes, your Honor, my firm is involved in
 8    the Conner case in Florida.  We have Florida counsel who is
 9    active in that case.
10                THE COURT:  Separate counsel from your firm?
11                MR. FORREST:  No, it's Holland & Knight as counsel for
12    defendant Nielsen in the Florida Conner case.
13                THE COURT:  I see.
14                MR. KURTZ:  Your Honor, we're not involved in the
15    Florida case.
16                THE COURT:  So when would you like to make your motion
17    here?
18                MR. FORREST:  As soon as possible, your Honor, we
19    briefed --
20                THE COURT:  Tell me.  If you want to submit it
21    tomorrow, I'm happy to receive it then.
22                MR. FORREST:  I think we could have it submitted
23    probably by this Friday.
24                THE COURT:  So that would be the 10th, and we have
25    page limits that apply.
```

E17TRODC

| | |
|---|---|
| 1 | And when would you like to respond? |
| 2 | MR. KURTZ:  I will request three weeks from the date |
| 3 | of the defendant's filing. |
| 4 | THE COURT:  So the 31st, would that be? |
| 5 | DEPUTY CLERK:  Yes, Judge. |
| 6 | THE COURT:  Does that work for you, counsel? |
| 7 | MR. KURTZ:  Yes, your Honor. |
| 8 | THE COURT:  And you also realize that there are page |
| 9 | limits, and then there would be a reply usually a week after |
| 10 | that.  So that would be February 7, I think. |
| 11 | MR. FORREST:  What day is February 7? |
| 12 | THE COURT:  Friday. |
| 13 | MR. FORREST:  If it's OK with your Honor, could I have |
| 14 | the following Tuesday? |
| 15 | THE COURT:  Sure.  That would be the 11th. |
| 16 | MR. FORREST:  Yes, your Honor. |
| 17 | THE COURT:  And can we do this on submission? |
| 18 | MR. FORREST:  Meaning without oral argument? |
| 19 | THE COURT:  Yeah. |
| 20 | MR. FORREST:  I think we can do it on papers, your |
| 21 | Honor, yes. |
| 22 | THE COURT:  Is that OK with you? |
| 23 | MR. KURTZ:  Yes, your Honor. |
| 24 | THE COURT:  And now there is some mention here that |
| 25 | the Florida action is in some phase or stage of settlement, is |

1   that right?
2           MR. FORREST:  That is true, your Honor.  The parties
3   have exchanged some limited discovery, and they're exploring
4   discovery now, and there's a tolling agreement in Florida in
5   that Conner case as well.
6           THE COURT:  Does that impact this case, too, do you
7   think, the discovery, the settlement potential, et cetera?
8           MR. FORREST:  Yes, as I understand it, the settlement
9   potential would be for the entire class of people.  It's the
10  exact -- and it's the exact identical people in the case, the
11  technicians and the drivers, it's the exact same class of
12  people.  It's related.
13          THE COURT:  So that being the case, do you want to
14  hold off on the motion for a while?
15          MR. FORREST:  Your Honor, my position is that I think
16  the motion -- that's the very reason we're making the motion,
17  that pursuant to the first filed rule, there seems no reason
18  that this case in New York should go forward given what is
19  going on --
20          THE COURT:  I understand, but the practical realities
21  are, whether it does or doesn't go forward, if you resolve the
22  Florida case, you would be resolving this case as well.
23          MR. FORREST:  That's true, but if the settlement goes,
24  it might take a little longer than this Court would be
25  comfortable having the case out there.

THE COURT: I'm also not entirely comfortable resolving a motion that really has no significance, so to speak.

So anyway, we'll keep this schedule, but I would like you to keep me updated as to this.

MR. FORREST: Absolutely, your Honor. If there's any developments, settlement, anything, we will definitely let the Court be aware.

THE COURT: OK. Nice to see you.

MR. KURTZ: Your Honor, sorry, if I could raise something.

THE COURT: Yeah.

MR. KURTZ: We set it out in our letters, and I just wanted to elaborate on it here that right now we have no indication -- we have a statute of limitations that's tolling. We had in the letters sent, the defendant said they were likely to agree on an agreement, now we are told there is one. I have looked at the Conner docket, I haven't seen anything about it. I looked at the Conner docket to see what discovery has been exchanged, and it's discovery of the individual plaintiff.

In a Fair Labor Standards Act case like this, statute of limitations does not toll on absent class members, and I say that with a quote, because it's not a real class until they opt in. And from what I understand, I don't know how a settlement could be negotiated on behalf a nationwide class of people who

1   have not joined the case.

2              THE COURT:  In Florida.

3              MR. KURTZ:  In Florida.

4              From what I see in the letters here, there's an

5   agreement that no notice will go out -- assuming that that's

6   the agreement that happens -- no notice will go out until

7   settlement discussions are finished.  So the case is being

8   withheld -- the fact that this exists is being withheld from

9   people.  In theory, they could opt in if they know about it,

10  but these cases don't make the front page of the Times anymore.

11  We don't know that anybody knows about it.  We have a potential

12  statute of limitations issue here, and we would like, at a

13  minimum, to be able to -- I mean for that reason, I just don't

14  think the other case -- the motion should go forward here, I

15  think --

16             THE COURT:  This is America, so lawyers make motions

17  all the time.  So whether you think it should or it shouldn't,

18  that usually doesn't stop us.

19             MR. KURTZ:  I hear that.  So my request is, at a

20  minimum, that we be permitted to cross move to send notice to

21  the nationwide class.  And we submitted a request in our

22  letters that the statute of limitations be tolled here from the

23  date we requested that motion until the date that a decision is

24  rendered on it.

25             In the Florida action, it appears that, from what I

1     understand of the agreement now, that either party can opt out
2     of that agreement on two weeks notice, and I think it would
3     serve us better to have a Court-ordered statute of limitations
4     tolling at least while this motion is being decided.
5              MR. FORREST:  Your Honor, our position on that is that
6     in the Florida case, the Conner case, right now there's a
7     tolling agreement that's being drafted with the plaintiffs.
8     The tolling agreement has not been finalized yet.  However,
9     pursuant to our letter submitted to the Court, Nielsen, this
10    case, the New York case, is prepared to enter a tolling
11    agreement with the plaintiff, and we're happy to do that, and
12    the plaintiffs -- any plaintiffs in New York or nationwide
13    could also opt in to Florida case.  So we don't think there's
14    an issue as to tolling.
15             THE COURT:  When would you have your tolling agreement
16    by?  Why don't you two get together and take care of that
17    first.
18             MR. FORREST:  If plaintiff could provide a formal
19    tolling agreement, I could look at and it give it to Florida
20    counsel and we could discuss it.
21             MR. KURTZ:  Your Honor, I'll propose maybe a week that
22    we could submit something.
23             MR. FORREST:  I think that would be fine.
24             THE COURT:  So A week would be the 14th.
25             MR. FORREST:  Sorry, maybe in an abundance of caution,

1   maybe 10 days or 14 days so -- it will cover the period back to
2   the filing of the complaint.
3           THE COURT:  So say the 17th?
4           MR. FORREST:  That's fine with defense counsel, your
5   Honor.
6           THE COURT:  So the understanding will be that there is
7   going to be likely some tolling agreement, in which case you
8   won't have to brief it, but if you want to submit a cross
9   motion with your motion within one document, it's not a
10  separate document, and you would get a surreply --
11          MR. FORREST:  Sorry, I was a little confused.  What's
12  the motion?
13          THE COURT:  He's making a cross motion, I assume, to
14  certify the class.
15          MR. FORREST:  I think that would seem to be premature
16  for this stage for the reasons set forth in our letter.  If we
17  have a tolling agreement and plaintiffs' rights are protected
18  in terms of statutes of limitations issues, and since the
19  motion to either transfer or dismiss this case would resolve
20  this case completely in New York, I don't think it seems to
21  make sense to do a motion for certification.
22          THE COURT:  Sense or nonsense, but if you can agree
23  with him that he doesn't need to submit a class certification
24  motion, that's one thing, that's part of your tolling
25  agreement.  But if it's not, I'm saying then he will have the

E17TRODC

1  opportunity to brief that when he responds to your motion in a
2  cross motion.  But as I say, that's one document.
3          MR. KURTZ:  Yes, your Honor.
4          THE COURT:  And then if he does do that, in the event
5  you can't work that out by agreement, you would ultimately get
6  a surreply, which would be on 2/18 after reply on -- he would
7  get a surreply, rather, on 2/18 after your reply on 2/11.
8          MR. KURTZ:  Could I ask one housekeeping question?
9  One document for opposition and cross motion still subject to
10 the 25-page limit?
11         THE COURT:  I prefer it if you could to it, obviously
12 a little flexibility there, so OK.
13         MR. KURTZ:  Thank you.
14         THE COURT:  Great, nice to see you both.
15         MR. KURTZ:  Thank you, your Honor, thank you for
16 rescheduling.
17         THE COURT:  You bet.
18                              o0o